UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID AARON, | ) | CASE NO. 3:07 CV 1838 |
| Plaintiff, | ) ) | |
| | ) | CHIEF JUDGE JAMES G. CARR |
| vs. | ) ) | |
| CEADER FAIRS, | ) | OPINION AND ORDER |
| Defendant. | ) ) ) | |

On June 20, 2007, pro se plaintiff David Aaron filed this in forma pauperis action against defendant Ceader Fairs. Mr. Aaron alleges that the defendant discriminated against him in violation of the Civil Rights Act, 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e. He seeks damages in excess of $25,000.00.

BACKGROUND

The relevant facts are brief. Mr. Aaron applied for a position with "Ceadar Point" in Sandusky, Ohio on an unspecified date. After telephoning the company he learned that because it had been over five years since he worked for the company he would need to "write a letter" and provide two letters of reference. He provided letters from two employment agencies "to have them let Ceader Point know that I have been in search of work for over a year." (Compl. at 1.) It is presumed he was not hired.

A copy of an Equal Employment Opportunity Commission (E.E.O.C.) Notice of Right to Sue, dated May 9, 2007, is attached to the complaint. The E.E.O.C. indicated that "the facts

alleged in the charge failed to state a claim under any of the statutes enforced by the E.E.O.C." (Atth. at 1.)

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

42 U.S.C. § 1983

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. See

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

e.g., Paul v. Davis, 424 U.S. 693, 699-701(1976); Baker, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. Baker, 443 U.S. at 140.

Mr. Aaron does not assert the deprivation of any constitutional right. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). While Mr. Aaron claims he that "I am deemed [sic] for retaliation violation of Rule section 503 of ADA," this does not invoke the protection of any constitutional amendment. Moreover, his assertion that his "case is persuant [sic] to Honda Motor Co., Ltd. v. Oberg, 512 U.S. 415 (1994)," provides no guidance to the court or support for his complaint.[2]

## TITLE VII

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. There is no statement or reference in the complaint that sets forth a colorable basis for this court's jurisdiction over the matter under Title VII. Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims

---

[2]Honda Motors was a products liability action brought against the manufacturer of all-terrain vehicle (ATV), to recover for injuries suffered in accident. The Supreme Court held that an amendment to the Oregon Constitution prohibiting judicial review of the amount of punitive damages awarded by a jury "unless the court can affirmatively say there is no evidence to support the verdict" violated the due process clause of the Fourteenth Amendment.

3

from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Accordingly, Mr. Aaron is granted leave to proceed in forma pauperis and this action is **dismissed** under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.